**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**GARY S. COX, SR.,**                                                            **PETITIONER**

**V.**                                                                         **NO. 1:05CV229-B-D**

**DEPARTMENT OF HUMAN SERVICES, ET AL,**                      **RESPONDENTS**

**O P I N I O N**

This cause comes before the court on the petition of Gary S. Cox, Sr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was found guilty of civil contempt by the Chancery Court of Lee County, Mississippi, for failure to pay child support, and on July 19, 2005, was ordered incarcerated until he paid $2000.00 or until purged of civil contempt. He contends that he was not guilty of failure to pay child support and should therefore be released.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust his available state remedies. 28 U.S.C. § 2254(b)(1) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner,* 404 U.S. 270 (1971); *Dispensa v. Lynaugh,* 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle,* 677 F.2d 427, 443-44 (5th Cir. 1982)).

Petitioner states that he has neither appealed his conviction nor submitted any other post-conviction action to the state court system. Consequently, the "state's highest court [has not had] a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief."

Accordingly, petitioner's state court remedies have not been exhausted and his petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 28th day of September, 2005.

/s/ Neal Biggers

SENIOR U.S. DISTRICT JUDGE